# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,

          Plaintiff,

     v.

Stephon Holcomb,

          Defendant.

Case No. 3:19-c-00294-17

**ORDER**

     Pending is the Defendant's Motion for Sentence Reduction. (Doc. 1134). In this Motion Defendant seeks Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Public Defender filed its Notice of No Intent to Supplement under General Order No. 2020-07-3 (Doc. 1162). And the Government filed its Opposition . (Doc 1164).

     For the reasons that follow I deny the Motion.

## Background

     After reaching a Plea Agreement with the Government, the Defendant plead guilty to Count of Conspiracy in violation of 21 U.S.C. §846. (Doc. 818). On January 19, 2022, I sentenced Defendant to a term of 140 months, which was forty-eight months less than his Guideline Range. (Doc. 909, Doc. 901). I also imposed a five-year term of Supervised Release and a $50,000 fine. (Doc. 909). His current Bureau of Prisons (BoP) out date is November 6, 2028. www.bop.gov/inmateloc.

     According to the Defendant, his mother is severely ill and needs a full-time caregiver to enable her to undertake essential functions that she must perform to sustain her well-being. (Doc.

1134, PgID 9950-51). He claims, he alone, can provide such needed care. (*Id.* at 9951). He also asserts that he has the financial wherewithal to take care of his mother. (*Id.* at 9952).

Defendant additionally claims he also has a niece who needs care and for whom he is the only available caregiver. (*Id.* at 9554).

First, as to the Defendant's mother, I concur with the Government that Defendant's circumstances are not extraordinary or compelling. "Incapacitation" within the meaning of U.S.S.G. § 1B1.13(b)(3) typically means that the individual is "completely disabled" and "cannot carry on any self-care" or "is totally confined to a bed or chair." See *United States v. Steele,* No. 1:20-CR-13, 2024 WL 1928945, at *3 (S.D. Ohio May 1, 2024) and quoting from *United States v. Jones*, No. CR-13-252, 2021 WL 1060218, at * 10 (W.D. Pa. March 18, 2021).

Defendant fails to show by a preponderance of the evidence that his mother is as feeble as he claims. The only medical records Defendant has submitted come from Hillside, a skilled nursing home/rehabilitation facility spanning the period of May 19, 2021 to December 7, 2021. (Doc. 1134-3).

As I read these records, which the Defendant does nothing to explain or explicate, his mother was able to ambulate using a two-wheeled walker or a wheelchair, then in 2021. And in any event, according to the Government's Oppositional Brief, if she is still residing in that facility, she is receiving good care. (Doc. 1164, PgID 9797) (citing *United States v. Graham*, 3:21-CR-149, 2025 WL 1567579, at * 3 (S.D. Ohio June 3, 2025); *United States v. Demming*, 1:20-CR-395, 2025WL 1115610, at *6 (N.D. Ohio April 15, 2025); and more).

Thus, the only evidence of record indicates that the Defendant's mother, whatever her condition is and how incapacitating it may be, would be receiving more attentive and better care,

no doubt, than the Defendant on his own could provide. And if she is not, Defendant gives no further details about the facility or her current residence.

Moreover, as the Government notes, as of the time of sentencing, Defendant was not raised by his mother. He saw her five or six times and had no contact with her for twelve years. (Doc. 1164, PgID 9797-98, ref. Doc. 901, ¶220). His ability and willingness to now be her caregiver seems unlikely.

Secondly, Defendant asserts that his niece needs him to provide care to her, due to her medical condition, and that her mother, Defendant's sister is incapable of providing the care that the niece needs. (Doc. 1134, PgID 9954, Doc. 1134-4, Doc. 1134-8).

I do not find this circumstance as extraordinary and compelling either.

Here, the record as to the actual medical condition of the Defendant's sister and her daughter is even more scant. It merely shows that, at one point, the sister was not able to work due to pain. (Doc. 1134-4). She was referred to physical therapy. That's it as to the sister.

As to the niece, the three-page document Defendant attached demonstrates a list of critical medical conditions. (Doc. 1134-8). But again, there is nothing more to support his claims he alone can help care for his niece.

And with regard to the Defendant's four other maternal siblings, we know nothing except that his reference to having two incarcerated siblings is mistaken. Only one remains in prison at a BoP facility. (Doc. 1164, PgID 9798, citing Doc. 901). The other is currently on State parole following completion of his term of his term of incarceration. (Doc. 1164-1). So nothing in Defendant's Motion suggests any reason why his other siblings could not, singly or jointly, provide the Defendant's mother and/or niece with the requisite care.

3

Furthermore, I also agree with the Government that neither Defendant's relative youthfulness when he committed his crime, nor his present accomplishments on the way to full rehabilitation, merit granting his Motion.

First, as the Government notices, Amendment 829 to the Sentencing Guidelines, which states generally that a Court may consider a Defendant's youthfulness and its bearing on development of his brain (U.S.S.G. §5H1.1) is not retroactive. *See* § 1B1.10(d), *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) citing *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022); *United States v. Bricker*, 135 F.4th 427, 449-50 (6th Cir. 2025).

That being so, I need not consider whether the sentencing factors of 18 U.S.C. § 3553(a) weigh in favor of compassionate release. Nonetheless I will do so, because I conclude that consideration of those factors likewise supports denial of the Defendant's Motion.

I reject the Defendant's contention that the current status of his progress towards rehabilitation is sufficiently extraordinary and compelling to warranting him now rather on completion of his term. Progress toward rehabilitation during one's prison term is what is expected – which precludes one's rehabilitation as a factor under the Compassionate Relief Act.

In any event, even if I were to set all the foregoing to one side, I would still deny this Defendant's Motion for Compassionate Release. As the Government once again points out, the Defendant joined a major Toledo-area Drug Trafficking Organization (DTO) shortly after termination from State parole. Whereupon he was and remained an active member in spreading the havoc that Organization's activities created in our area for upwards of nine years.

That, by then, he had amassed eighteen Criminal History points, placing him firmly within Category VI in that regard, make indisputably clear that he was no rookie. Though – to extend the metaphor, he had been sent down periodically, he signed on with the Negrin DTO.

4

In my judicial career of nearly forty-six years, I have witnessed how the place of drug (and jointly, gun) cases have gone from a relatively minor segment of our docket to become, in terms of numbers of case and defendants, to be one of, if not the principal segment.

That fact simply charts the way and extent to which drug infestation of our community and communities nationwide has spread in a plague-like manner – and created a plague-like epidemic of related crime, destruction of lives young and old and equally so, of families, And deaths – from lives simply shortened by the consequences of addiction, to lives taken and lost through overdoses and gunfire.

Finally, were I to disregard the seriousness of the Defendant's criminal participation in the Negrin DTO, to grant his Motion for Compassionate Release would negatively affect both the individual deterrent effect I sought by my sentence to achieve, as well as, the public deterrent effect of that sentence as well.

And, in the end, it would – quite properly and unavoidably – diminish respect for the law.

Judges – and the public – expect that a sentence, once pronounced, will be served. Whoever, without good and sufficient reason such as those required by the Compassionate Release Act – does not exist, justice is neither done, nor, even as potently perceived to have been done.

**Conclusion**

There is, nothing extraordinary or compelling in Defendant's circumstances justifying a sentence reduction or compassionate release under 18 U.S.C. § 3582(c)(1)(A).

In light of the foregoing it is, hereby, ORDERED THAT:

The Defendant's Motion for Sentence Reduction/Compassionate Release (Doc. 1134) be, and the same hereby is **denied**.

So ordered.

Date: June 30, 2025

                                                      /s/ James G. Carr
                                            Sr. U.S. District Court Judge